IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CARL D. RUNYON,<br><br>            Plaintiff,<br><br>v.<br><br>CATALYST ORTHOSCIENCE, LLC<br>AND GRAND STRAND REGIONAL<br>MEDICAL CENTER,<br><br>            Defendants. | CIVIL ACTION NO.:_____<br><br><br><br>**NOTICE OF REMOVAL** |

**TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, FLORENCE DIVISION; THE COURT OF COMMON PLEAS FOR THE FIFTEENTH JUDICIAL CIRCUIT, HORRY COUNTY, SOUTH CAROLINA; AND ALL PARTIES AND ATTORNEYS OF RECORD:**

**YOU ARE HEREBY NOTIFIED** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant CATALYST ORTHOSCIENCE, LLC, now known as CATALYST ORTHOSCIENCE, INC. ("Catalyst") removes this action previously pending in the Court of Common Pleas for the Fifteenth Judicial Circuit, Horry County, South Carolina, Civil Action No. 2022-CP-26-02120, to the United States District Court for the District of South Carolina, Florence Division, on the following grounds:

**I.     RESERVATION OF DEFENSES**

No admission of fact, law, or liability is intended by the Notice of Removal, and Catalyst expressly reserves any and all rights, claims, defenses, affirmative defenses and motions, including without limitation all jurisdictional, procedural and substantive defenses. This Notice of Removal is filed subject to and with full reservation of rights by Catalyst, including but not limited to defenses and objections on the basis of lack of personal jurisdiction, insufficient service of process, insufficient process, improper service, and the expiration of the statute of limitations.

1

## II. COMMENCEMENT OF ACTION

Plaintiff Carl D. Runyon ("Runyon") commenced this action against the Defendants by filing a Summons and Complaint on April 6, 2022 followed by service upon the Defendants. Service of the Summons and Complaint upon Catalyst was accomplished through its Registered Agent on April 19, 2022. (Ex. A, Affidavit of Service). Service of the Summons and Complaint upon Grand Strand Regional Medical Center ("Grand Strand") was accomplished through its Registered Agent on April 18, 2022. (Ex. B, Affidavit of Service). As such, this Notice of Removal is timely filed "within thirty days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Pursuant to 28 U.S.C. § 1446(a), the case is removed to the district and division embracing the Horry County Court of Common Pleas. *See also* 28 U.S.C. § 121.

## III. PLEADINGS AND NOTICE TO STATE COURT

True and correct copies of all process and pleadings received by Defendant are attached and are being filed contemporaneously with this Notice as Exhibit C. Pursuant to 28 U.S.C. § 1446(d) and Local Rule 83.IV.01, DSC, written notice of this removal is being served on Plaintiffs and is being filed with the Clerk of Court for the Horry County Court of Common Pleas.

## IV. STATEMENT OF STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332. This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). As discussed in detail below, this action satisfies both statutory requirements.

**A.     There is diversity of citizenship between Plaintiff and Defendant.**

Plaintiff, Runyon, an individual, is a citizen and resident of the State of South Carolina (Exhibit C ¶1).

Catalyst formerly was a Limited Liability Company organized and existing under the laws of the State of Delaware. The members of Catalyst and state of citizenship of each are set forth on the attached schedule, none of which are citizens of South Carolina (Ex. D).[1]  On March 15, 2017, Catalyst Orthoscience, LLC converted to a Delaware corporation, and changed its name to Catalyst Orthoscience, Inc.  From and after March 15, 2017, Catalyst is and has been a Delaware corporation with its principle place of business in the State of Florida. (Ex. E).

Grand Strand is a Delaware limited liability company whose sole member is AC Med, LLC. AC Med, LLC is a Delaware limited liability company whose sole member is Healthtrust, Inc – The Hospital Company ("Healthtrust").  Healthtrust is a Delaware corporation with its principle place of business in Tennessee.

As required by 28 U.S.C. § 1332(c)(1), this action involves a controversy between citizens of different states. Plaintiff, an individual, is a citizen of South Carolina.  All defendants are citizens of states other than South Carolina.  As to the limited liability entities, see *Madden v. Petland Summerville, LLC,* No. 2:20-CV-02953-DCN, 2020 WL 6536913, at *2 n.3 (D.S.C. Nov. 6, 2020) ("[A]s defendants rightfully point out, the nerve center and principal place of business analysis is relevant only to the citizenship of a corporation—not a limited liability company like [the defendant]"); *Jennings v. HCR ManorCare Inc.,* 901 F.Supp.2d 649, 651 (D.S.C. 2012)

---

[1] As to members set forth on this schedule who are individuals, Catalyst is informed and believe that the addresses under their names is their state of citizenship. As to the members who are LLCs, Catalyst is informed and believes that each are single member LLCs and that the addresses under the names of the LLCs is the state of citizenship of the single member. As to the members who are trusts, Catalyst is informed and believes that the address under their names is the state of citizenship of the trustee.

(finding the principle place of business of a nursing home that was organized as limited liability company that operated in Charleston, South Carolina was Ohio because the defendant LLC was owned by a series of limited liability companies that were owned by a corporation with a principle place of business and nerve center in Ohio); *Dalton v. Georgia-Pac. LLC,* No. CA 1:12-415-TLW-SVH, 2012 WL 2072766, at *6 (D.S.C. May 4, 2012), *report and recommendation adopted,* No. CA 1:12-415-TLW-SVH, 2012 WL 2072752 (D.S.C. June 8, 2012) ("It is well established that, for purposes of federal jurisdictional diversity of citizenship, an LLC is not a corporation, and thus is not considered a citizen of its state of incorporation and principal place of business, but instead shares the citizenship of its members."). As to the corporate entities, see 28 USC § 1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ."). Both at the time the suit was filed and at the time of removal, Catalyst was a Delaware corporation with its principle place of business in Florida. Therefore, even though both the LLC and the corporation are/were citizens of a state other than South Carolina, the citizenship of the LLC should be irrelevant because diversity is determined at the time of filing in state court and the time of removal. "In removal cases, diversity of citizenship must exist *both at the time of filing in state court* and *at the time of removal. Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989) (emphasis added); *see also Hall v. Nestman*, No. 5:14-00062, 2015 U.S. Dist. LEXIS 83728, 2015 WL 3948158, at *3 (June 29, 2015 W.D. Va.) ("[C]ourts in the Fourth Circuit look to both when a case was removed, as well as when the complaint was originally filed in state court, as the operative dates for determining citizenship for jurisdictional purposes.")." *Hatcher v. Ferguson*, Civil Action No. 6:15-cv-05032-TMC, 2016 U.S. Dist. LEXIS 57759, at *8-9 (D.S.C. May 2, 2016). Accordingly, Plaintiff and all Defendants are citizens of different states, and complete diversity exists among the parties.

**B.     The amount in controversy exceeds $75,000 exclusive of interests and costs.**

In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards,* 290 F.3d 699, 710 (4th Cir. 2002) (alteration in original) (quoting *Gov't Employees Ins. Co. v. Lally,* 327 F.2d 568, 569 (4th Cir. 1964)). The Court may determine the amount in controversy based upon the allegations of the complaint and other relevant material in the record. *Stewart v. AT&T Mobility,* No. 3:10-3083, 2011 U.S. Dist. LEXIS 92537, at *7 (D.S.C. July 21, 2011) (explaining that for a diversity jurisdiction analysis, the court may consider "the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record"). When the aggregate damages claimed by a party exceed $75,000, the amount-in-controversy requirement for diversity jurisdiction is satisfied. 28 U.S.C. § 1332(a).

"Generally, 'the sum claimed by a plaintiff in her complaint determines the jurisdictional amount.'" *O'Neal v. Quicken Loans, Inc,,* No. 1:15-cv-03712, 2016 WL 1553554, at *2 (D.S.C. April 18, 2016). The amount in controversy is determined by the amount demanded, not what will ultimately be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

In his Complaint, Plaintiff alleges the following damages:

1. Multiple reductions of a dislocated prosthesis;
2. Surgical repair to a dislocation;
3. Two additional surgeries to repair and/or replace the prosthesis;
4. A "significant regiment of physical therapy;"
5. Associated pain and suffering
6. Past and future medical expenses;
7. Loss of enjoyment of life;

       8.       Physical pain and suffering;

       9.       Scarring and disfigurement;

      10.     Mental anguish; and

      11.     Punitive damages.

(*See* Compl. Ex. C).

The specific dollar amount of claimed damages is unspecified in the Complaint. "When an unspecified amount of damages is claimed, the amount is satisfied for purposes of remand unless it appears to a legal certainty that plaintiff *cannot* recover damages in excess of $ 75,000. Wright, Miller & Cooper, *Federal Practice and Procedure* § 3725 (1985 and Supp. 1998). Frequently, these requirements are satisfied when actual and punitive damages are sought and plaintiff has not affirmatively pled a cap on damages or otherwise limited the amount of damages sought prior to the time of removal." *Fritz v. Universal Tech. Inst., Inc*., No. 3:09-3227-JFA, 2010 U.S. Dist. LEXIS 2641, at *1-2 (D.S.C. Jan. 12, 2010). The damages enumerated above derived from Plaintiff's Complaint clearly meet this standard to establish that the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. Therefore, this action satisfies the amount in controversy requirement, and the Court has diversity jurisdiction under 28 U.S.C. § 1332.

### C.    All Defendants Consent to Removal

Prior to the filing of this Notice of Removal, counsel for Catalyst consulted with counsel for Grand Strand, and confirmed that Grand Strand consents to removal of this action by Catalyst.

In the event any question arises as to the propriety of the removal of this matter, Defendant requests the opportunity to conduct discovery and present briefs, oral argument, and, if necessary, affidavits and other evidence in support of its position that removal is proper.

WHEREFORE, Catalyst, by counsel, gives notice that the within civil action, previously pending in the Court of Common Pleas for Horry County, South Carolina, has been removed to the United States District Court for the District of South Carolina, Charleston Division. *See 28 U.S.C. §* 1332, 1441 and 1446.

Respectfully submitted,

**TURNER, PADGET, GRAHAM & LANEY, P.A.**

s/John S. Wilkerson, III
John S. Wilkerson, III, Fed. I.D. No.:  4657
40 Calhoun Street, Suite 200 (29401)
Post Office Box 22129
Charleston, SC 29413-2129
Telephone:     843-576-2801
Facsimile:     843-577-1649
Email:  jwilkerson@turnerpadget.com

**ATTORNEYS FOR CATALYST ORTHOSCIENCE, LLC, N/K/A CATALYST ORTHOSCIENCE, INC.**

May 13, 2022
Charleston, South Carolina